Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Thomas M. Durkin | Sitting Judge if Other than Assigned Judge | 2/7/13 |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8169 | **DATE** | |
| **CASE TITLE** | Kevin Reid (K-71896) vs. Illinois Department of Corrections, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's current motion to proceed *in forma pauperis* ("IFP") [8] is granted. The trust fund officer at Plaintiff's place of incarceration is authorized to deduct from Plaintiff's prison trust fund account $4.40 as the initial partial filing fee and to continue making deductions from Plaintiff's account in accordance with this order. The clerk shall mail a copy of this order to the trust fund officer at the Western Illinois Correctional Center. Plaintiff may proceed with his claims against Stateville Grievance Officer Amy Gomez. All other Defendants are dismissed. The clerk shall issue summons for service of the complaint on Gomez through the U.S. Marshal. The Court appoints Bradley Steven Levison, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 55 West Monroe, Ste. 3800, Chicago, IL 60603, 312-704-0550 to represent Plaintiff. Within 30 days of the date of this order, counsel should enter an appearance for Plaintiff and notify the Court whether he intends to proceed with the current complaint or file an amended complaint.

■ [ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Plaintiff Kevin Reid (K-71896), is currently incarcerated at the Western Illinois Correctional Center. He was transferred there from Stateville Correctional Center sometime after he filed this case on October 10, 2012. Similar to his other case before this Court (*Reid v. Myers*, No. 12 C 3278), Plaintiff alleges that, on many occasions while he was at Stateville from July 20, 2012 to the time he filed this suit, he was unable to receive a vegan meal in accordance with his African Hebrew Israelite religion. Plaintiff's prior case involves the same claim with respect to his meals at the Cook County Jail. In the instant suit, Plaintiff names as Defendants the Illinois Department of Corrections, its director Salvador Godinez, and Stateville Grievance Officer Amy Gomez. Allegedly, he submitted several grievances about his inability to receive vegan meals, but the situation was not resolved.

Plaintiff has submitted current trust fund information to allow this Court address his *in forma pauperis* application, which indicates that he cannot prepay the $350 filing fee. The Court thus grants his IFP motion and assesses an initial partial filing fee of $4.40. The trust fund account officer at Plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's account and pay it to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Western Illinois officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

Preliminary review of the complaint, *see* 28 U.S.C. § 1915A, reveals that Plaintiff states a colorable claim against Grievance Officer Amy Gomez with respect to his inability to receive vegan meals in accordance with his

**STATEMENT**

religion. *See Nelson v. Miller*, 570 F.3d 868, 879 (7th Cir. 2009) (a substantial burdening of a prisoner's religious dietary practice can establish a federal claim); *see also Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (a prison official's knowledge of prison conditions "learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition"). Plaintiff alleges that he filed six or more grievances about not receiving a vegan meal, of which he received a response for only one. Allegedly, he continued to receive non-vegan meals during his stay at Stateville.

Plaintiff also names the Illinois Department of Corrections ("IDOC") as Defendant; however, the IDOC is not a suable entity as it is not considered separate from the State. State agencies, as "arms of the state," are immune from suit under the Eleventh Amendment. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir.2005). As for Godinez, who is also listed as a Defendant, Plaintiff does not state that he informed Godinez of the inability to receive vegan meals and there is no indication that Godinez was involved. Godinez and IDOC, as well as any Defendant other than Gomez, are dismissed.

The clerk shall issue summons for service of the complaint on Stateville Officer Amy Gomez through the U.S. Marshal. Any service forms necessary for Plaintiff to complete will be sent by the Marshal to Plaintiff or his attorney. The Marshal is directed to make all reasonable efforts to serve the complaint. If Gomez is no longer employed at the prison, Stateville officials shall furnish her last known address, which shall be used only to effectuate service, and which shall neither be kept in the Court's file, nor disclosed by the Marshal. The Marshal may mail a request for waiver of service to Defendant pursuant to Fed. R. Civ. P. 4(d)(2). If unable to obtain a waiver, the Marshal shall attempt personal service.

Given that counsel was appointed for Plaintiff in case no. 12 C 3278, which involves the same claim against Cook County Jail officials, the Court will appoint the same attorney for this case. Bradley Steven Levison, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 55 West Monroe, Ste. 3800, Chicago, IL 60603, 312-704-0550, is appointed to represent Plaintiff in accordance with counsel's trial bar obligations under Local Rule 83.11(g) and 83.37 (N.D. Ill.) Presumably counsel has communicated with Plaintiff with respect to his prior case and counsel may be more familiar with Plaintiff's claims than a newly-appointed attorney. The Court will request that counsel receive additional credit for this appointment. Within 30 days of the date of this order, counsel should enter an appearance for Plaintiff and inform the Court if he intends to proceed with the current complaint or file an amended complaint.